FILED

SEP 2 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court

District of Columbia

Mark A. Henderson #55709-016
plaintiff
USP ATLANTA
POB 150, 160
ATLANTA GA. 30315

v.

Federal Bureau of prisons
Defendant

CASE NUMBER  1:05CV01891

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 09/23/2005

Privacy Act Civil Complaint

Comes Now plaintiff Mark A. Henderson, in propria

persona And moves this Court For monetary redress

from the named defendents, respectfully avers as

enumerated hereafter:

RECEIVED

SEP - 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

I. Parties:

A) plaintiff Mark A Henderson, is A federal prisoner presently Confined in the "Special Housing Unit (S.H.U) At U.S.P Atlanta, P.O Box 150, 160 Atlanta georgia 30315.

B) Defendant, federal Bureau of prison's, is the designated penal Colony for All federal prisoner's Committed to the Custody of the U.S Attorney general And keeps A System of records, The B.O.P officially resides At 320 First Str, N.W Washington D.C 20534.

II. Jurisdiction of this Court is envoked pursuant to Title 5 U.S.C 552A (e)(5)(g)(1)(c),(g)(4) Title 28 U.S.C 2241, et, Seg And the U.S Constitution.

III.                    Statement of Claim

1) From June 11th 2004, through this 15th day of August, 2005 defendant Federal bureau of prisons (B.o.p) has knowingly And Willfully failed to Maintain it's records [i.e B.o.p files] in A "timely, Accurate, relevant And Complete manner. 2) On June 11, 2004 defendant (B.o.p) W.S.p Atlanta placed plaintiff in (S.H.u) pending A disciplinary hearing. Between 6/11 thru 9/13/04 plaintiff received (3) Additional incident reports, in Which plaintiff Was given 90 days in disciplinary segregation And A reccomendation for disciplinary transfer, upon completion of his disciplinary segregation time. Defendant placed

plaintiff within the (S.H.u pilot program) Whereas,
plaintiff must do an additional 12 or 13months Clean
Conduct without incident reports. On Feb. 5, 2005
plaintiff appealed his placement within the "pilot"
program Using the administrative remedy process. plaintiff
argued that this pilot program isn't official (B.o.p
policy) that it violates the 8th amendment of the
u.s Constitution, plaintiff requested immediate removal
and transfer, as plaintiff had already served his
disciplinary Segregation time. The defendant in their
response (dated 2/25/05) relied on program Statement
(5270.07) inmate discipline and Special housing Unit. Since
Mr. Henderson was placed in "post disciplinary" detention

5)

After Completing his disciplinary (seg) time, the defendant Violated it's policy Under (5270.07) A) not Allowing plaintiff to receive An "due process" hearing Under (B.o.p policy 5270.07) from A Segregation review official (S.R.O). B) not following policy Under 5270.07 When they failed to put plaintiff paperwork, in for immediate transfer Within 90 days of plaintiff being placed in "post disciplinary Segregation". Chp 9 pg 7 (A) [ (I) Concerning Administrative detention [ "Except for (pretrial inmates) or inmates in A (Control Unit) program, "Staff ordinarily within (90) days of An inmate placement in post disciplinary detention Shall Either return the inmate to the general inmate population or request regional level Assistance to effect A transfer to A More Suitable institution"]       c) plaintiff Was'nt

Assigned to A Control Unit program nor Was,

plaintiff A pretrial inmate, furthermore the defendant violated it's policy by Subjecting plaintiff to A "Control Unit" program which he wasn't Assigned to be in. B.o.p policy promulgated Under 28 Code of federal regulations [ 28 CFR ] governing "Control Unit" placement [i.e longterm Segregation ]Mandate's A "prisoner" Must receive A "due process" hearing from A (B.o.p) regional hearing officer And Any recommendation for Control Unit placement be Confirmed by the b.o.p regional "Executive panel". plaintiff has Subjectively been Confined in longterm Segregation Without benefit of A due process hearing for 14 Months Approximately [ 427 days ] in blatant Violation of

7)

his fifth and eight Constitutional rights, plaintiff has and Arbitrarily Continue to be irreparably injuried by the Confinement in long term Segregation to Which plaintiff has Suffered psychological decay to the Extent that plaintiff was placed on Antipsychotic medication [ Quetiapine Fumarate 200mg tabs ] for Severe depression to Cope With the Conditions of "long term Segregation" Such As. i)

3 men Cells Which was designed for 2 men, the 3rd man must sleep on the floor by the toilet & Shower.

2) False fire Alarms that Constantly go off late At night 3A.m etc or Early in the Morning

3) Sinks & toilets that Constantly Stop up & flood.

4) Rodent infestation Within the (S.H.u) food prep Area & Cells, rodent droppings on "Cold trays"

8)

5) Undercooked food served on dirty food service trays.

6) Prisoner's who constantly bang on the cell doors while screaming, at all hours throughout the day & night.

7) Anytime plaintiff receive's a incident report no matter how minor, his 12-18 month Clear Conduct requirement starts over from the date of the last incident report received.

The above factors in totality with each other forms the basis of plaintiff claim that defendant (B.O.P) has violated plaintiff rights under the 8th Amendment of the U.S Constitution. Due to defendant intentional failure to maintain it's records in an accurate, timely, relevant and complete manner in accordance with Section (e)(5) of title 5 U.S.C 552A, and as the

9)

direct results of the (B.o.p) willful acts, deeds and omissions, plaintiff has suffered an illegal (14) months long term "Control Unit" Sentence, deprived of educational programs, job and quarter assignments afforded prisoner's in general population, any opportunity to pay on the ($11,019.00) dollar fine imposed by the U.S district court, and subjected to atypical living conditions in the Special housing Unit.

(Reason's for granting relief)

plaintiff respectfully states that as the (B.o.p) is an Agency that keeps a System of records, and willfully Subjectively failed to maintain its records with such Accuracy, timelyness relevance and completeness pursuant to title 5 U.S.C 5524

(2)(5). The (B.O.P) Cannot justify leaving plaintiff in 14 months of long term Segregation. As plaintiff has Exhausted And/Are Attempt to Exhaust All Available Administrative remedies, pursuant to Sections (g)(0) (c) And (g)(4) of 5 U.S.C 552A Muhammad v. Close 124 S. Ct. 1303-13, 2004 WL 344163 (Feb 25, 2004) And Seller's v. B.o.p. 959 F.2d 307, 313 (D.C. Cir 1992), plaintiff is Entitled to Monetary damages, litigation Costs And Attorney's fees. Seller, Supra, At 310.

Conclusion

As plaintiff has, And Continue's to be Arbitrarily Subjected to long term "Control Unit" type Administrative Segregation due to the (B.O.P) blatant failure to Maintain its records pursuant to title 5 U.S.C

5524 (e)(5) of the Act, under sections (g)(i)(c) And (g)(4) of the Act, And Muhammed V. close 124 S. ct 1303, 2004 WL 344163 (Feb 25, 2004), Sellers V. B.o.p, 959 f.2d 307, 313 (d.c Cir 1992), plaintiff is legally entitled to $100,000.00 dollars in Monetary Compensation, And All fees for Counsel of record.

Respectfully Submitted

Mark Anthony Henderson #15509-016

August 15, 2005

Sworn Declaration

Plaintiff, Mark Anthony Henderson, hereby attest under penalty of perjury pursuant to 28 U.S.C 1746, that All of the Statements in the foregoing privacy Act Civil Complaint Are true And Correct And that Copy of SAME Was retained by plaintiff

this 15th day of August 2005, in the Special housing Unit At U.S.P Atlanta georgia

Mark Anthony Henderson

Sept 30th, 2005

Mark A. Henderson

## Supplemental Claim

please be Advised On 5/12/05 I received An reply to my tort Claim which was filed for personal injury As An result of staff trying to place A third man in A two man Cell, which was already full to Capacity. your Honor Since this Above incident Can be Supported by factual Evidence within this particular Motion I am requesting the Court Consolidate this Additional Claim within my privacy Act Civil Complaint for the following reason.

A) The Above Conduct by defendant (B.O.P) is An direct result of the Conditions raised within this Complaint (See page 7)

RECEIVED

U.S. Department of Justice

Federal Bureau of Prisons

*Southeast Regional Office*

3800·Camp Creek Parkway, SW
Building 2000
Atlanta, Georgia   30331-6226

May 12, 2005

**RETURN RECEIPT**
**7004 0750 0000 6337 9931**

Mark Henderson
Reg. No. 15509-016
USP ATL
P.O. Box 150160
Atlanta, GA  30315

**RE:   Tort Claim Number TRT-SER-2005-00897**

Dear Claimant:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act
(FTCA), Title 28 United States Code (U.S.C.) 2672, et seq. and the authority granted by Title 28
Code of Federal Regulations (C.F.R.) 0.172. Section 2672 of the FTCA delegates to each federal
agency the authority to consider, determine and settle any claim for money damages against the
United States for loss of personal property or injury caused by the negligent or wrongful act or
omission of any employee of the agency while acting within the scope of his office or employment.

You allege on August 23, 2004, staff at the United States Penitentiary (USP) in Atlanta, Georgia,
caused you personal injury and lost your personal property.  Specifically, you allege staff
intentionally assaulted you at the time another inmate was being placed in the cell with you.  You
claim you sustained numerous injuries and staff injured your face with "improvised brass
knuckles." You also claim staff lost your Sony radio after you were removed from the cell.  You
claim liability in the amount of $75,000 for personal injury and $62 for loss of personal property.

We have reviewed your claim along with reports from appropriate staff members.  Although you
have brought the above allegations pursuant to the FTCA, there is no evidence of staff negligence.
Further, you allege intentional acts which would not be compensable pursuant to the FTCA.  Title
28 U.S.C. Section 2680.  The FTCA has waived the sovereign immunity of the United States only
to the extent that a private person would be liable under the law of the place where the act or
omission occurred.  Intentional acts of staff misconduct do not fit within this waiver.  However,
your allegations a staff member at USP Atlanta used excessive force against you have been
referred to appropriate staff for further disposition, if necessary.

In regard to your claim for the loss of a Sony radio, information from staff at USP Atlanta
indicates on today's date, you were offered and accepted receipt of one radio as replacement for the
radio you contend was lost on August 23, 2004.  You signed the Personal Property Inventory Form
(BP-383) in Section 10, attesting to the accuracy of the information.

**05 1891**

**FILED**

SEP 2 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

HENDERSON, Mark - Reg. No. 15509-016
TRT-SER-2005-00897
May 12, 2005
Page 2

Based on the above information and in accordance with the FTCA, Title 28 U.S.C. Section 2672, we do not find that you have suffered any loss/injury due to the negligence, wrongful act or omission of government employees of the United States. Therefore, your claim for personal injury and personal property loss is denied.

If you are not satisfied with this determination, you may file suit in the appropriate United States District Court no later than six (6) months after the date of mailing of this notification.

Sincerely,

Lisa M. Sunderman
Regional Counsel

cc: Warden, USP ATL
    ATTN: FTCA Coordinator/CLC Leader

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**INMATE INJURY ASSESSMENT AND FOLLOWUP**
(Medical)

| 1. Institution USP. ATL | 2. Name of Injured Henderson Marc Anthony | 3. Register Number 15509-016 |
|---|---|---|
| 4. Injured's Duty Assignment | 5. Housing Assignment SHU 206 ↓ | 6. Date and Time of Injury 8-23-04 |

7. Where Did Injury Happen (Be specific as to location)  inside SHU 206 ↓

Work Related?  ☐ Yes  ☒ No

8. Date and Time Reported for Treatment  8-23-04   1945

9. Subjective: (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)

I was beat up. I want to talk to my attorney.

_Signature of Patient_

10. Objective: (Observations or Findings from Examination)

Head - abrasion on forehead, back of head, upper back. Lacerated wd. 0.5cm (L) eyebrow. Mouth - Contusion - Hematoma upper lip. Contusion (L) head.

X-Rays Taken ____   Not Indicated ☒
X-Ray Results

11. Assessment: (Analysis of Facts Based on Subjective and Objective Data)
① Multiple abrasion, & contusion
② Lacerated wd. (L) eyebrow

12. Plan: (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)
① Cleaned area with Betadine
② Applied Steristrip on (L) eyebrow
③ Tylenol 325 y Ⅱ tab PRN for pain

13. This Injury Required:

☐ a. No Medical Attention

☒ b. Minor First Aid

☐ c. Hospitalization

☒ d. Other (explain)  see plan

☐ e. Medically Unassigned

☐ f. Civilian First Aid Only

☐ g. Civilian Referred to Community Physician

_Signature of Physician or Physician Assistant_



Self Carboned Form – If ballpoint pen is used, PRESS HARD

Original – Medical File
Canary – Safety
Pink – Work Supervisor (Work related only)

On 8/23/2004 At 7:25 p.m, An officer Came to my Cell 206 in (S.H.u.) to place A third Cellie into the Cell. This third Cellie must Sleep on the Floor near the toilet & Shower. I refused to "handcuff" As well As my Second Cellie, (Scott young), My reason for not Complying was, On 8/22/2004 I had A fight with my third Cellie (Bright 19843-057). furthermore I discovered that inmate (Bright) has Severe mental health problems As well As A history in (S.H.u) for fighting his Cellie's. So in turn I was not under Any Circumstances's taking another Chance of having A third Cellie. After we refused to "cuff up", that officer went Away, 10 min later he & 3 other officer's Came back, This time All of them

2)

were wearing black leather gloves with handcuffs over them like (improvised brass knuckle's) they rushed in, I started defending myself, After this I was "beat up & unconscious" Meanwhile I was taken to medical On A Strecher my injuries were video taped As well. During which I Made the Statement that "I was Assaulted by Corrections officers"

Mark A Henderson
#15509-016

please be Advised On 5/20/2005 I filed An
Appeal to the general Counsel regarding the decision
I received from my Administrative remedy
Appeal request that I filed On march 11, 2005
per (B.o.p) policy Staff have 40 days from
the date they receive the Appeal to respond,
to date Staff have not responded to this
6p.11

Mark H. Henderson
#15509-016
8/15/2005

## ADMINISTRATIVE REMEDY INFORMAL RESOLUTION FORM

**INSTRUCTIONS:**

When you are unable to informally resolve the inmate's complaint, complete and attach this report to each BP-9. The BP-9 will not be accepted without this form.

| Inmate Name: Mark Anthony Henderson | Reg. No. 15508-016 | |
|---|---|---|
| | Date | Staff Signature |
| Form **Requested** by inmate: | 1-18-05 | R Craig |
| Form **Provided** to inmate: | 1-18-05 | R Craig |

Inmate's complaint: request removal from SMU pilot program this program violates the 8th Amendment of US Constitution, furthermore its not ran in Accordance with bop policy regarding Control units (see regulation 28 C.F.R governing Control unit placement lastly its not official bop policy

Action taken to informally resolve complaint: Your date to be removed from the Pilot Program is September 13, 2005, contingent on the your maintaining clear conduct.

| **INFORMAL RESOLUTION ACCEPTED BY:** | Date: |
|---|---|
| Inmate's Signature: | Date: |
| Inmate Name (Printed): | |
| Staff's Signature: | Date |
| Staff Name and Title (Printed): | |

| **INFORMAL RESOLUTION REJECTED BY:** | Date: 1-27-05 |
|---|---|
| Inmate's Signature: Mark A Henderson | Date: 1-27-05 |
| Inmate's Name (Printed): Mark A. Henderson | |
| Staff Signature: D. Easter | Date: 1-27-09 |
| Staff Name and Title (Printed): D. Easter | |
| Date BP-9 Provided to Inmate: 1-28-05 | |

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR** ** _MINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: HENDERSON MARK A    15589-016    MAY 312    U.S.P ATLANTA

LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A- INMATE REQUEST ON 1-29-05 my CASE manager brought me AN copy
of A informal resolution form regarding my placement in the SHU pilot program
it said "IF I maintain clean conduct t/(sept.05) I would be removed from this
program" Currently I disagree with the decision, in/turn I'm filing An Administra
request, I request removal from this pilot program, redesignation, transfer
based on: 1) This pilot program violates the 8th Amendment of the U.S constitution
it's not ran in Accordance with official B.o.p policy regarding control unit
placement. 2) d.H.o recommendation for disciplinary transfer dated 8/10 &
9/13. 3) I have already completed my disciplinary segregation time in
SHU. *Note (my CASE manager Ms. Easter did not allow me to keep my copy
(of this particular informal resolution form After I signed it.

2/1/05

DATE

SIGNATURE OF REQUESTER

Part B- RESPONSE

1-25-05

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE    CASE NUMBER: 361 291

CASE NUMBER:

Part C- RECEIPT

Return to:

LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT:

DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

BP-229(13)
APRIL 1982

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Henderson Mark A     15509-018     MAX 314     USP ATLANTA
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** I disagree with the decision that I received regarding my initial Administrative remedy request that I Filed on 2/5/2005 and I am filing An Appeal. Based on, the S.H.U (Pilot program) puts me in double Jeopardy & Violate's my 8th Amendment rights Concerning Cruel & unusual punishment, Whereas I have Completed my disciplinary Segregation time For 3 incident reports, I received while in S.H.U inturn, Now I must do Additional time in Administrative Segregation before I am Finally given A disciplinary transfer Farther From home. Furthermore the (Pilot program) isn't Ran in Accordance with ⟶

(See Attach pg I)

3/9/05
DATE

Mark Anthony Henderson
SIGNATURE OF REQUESTER

**Part B - RESPONSE**



RECEIVED
MAR 11 2005
REGIONAL COUNSEL'S OFFICE-SERO
BUREAU OF PRISONS

_____ DATE

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

_____ REGIONAL DIRECTOR

CASE NUMBER: 366291-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____ DATE      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN      PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

Existing b.o.p policy promulgated Under 28 code of federal regulations [28 C.F.R.] governing "Control unit" placement [ie long-term Segregation]. Violation of my 8th Amendment occurs, due to 1) my prolong stay in S.H.U, Whereas if at Anytime I receive Any incident report no matter how minor this extends my placement in S.H.U at this facility thus "creating psychological duress" my usage of Antipsychotic medication is an direct result of my prolong stay in S.H.U, While in general population housing, I wasn't using this medication.

Conditions of Confinement

not only must I remain in long term segregation but be subjected to eating ill prepared food, showers that constantly flood, toilets that malfunction, rodent infestation within Unit & cells, Fire Alarms that malfunction on a regular basis late at nite or early in the morning, prisoners who bang on the cell doors throughout the day & night, 3 men Assigned to An 2 men cell where the 3rd man must sleep on the floor near the shower. I request that the Warden be directed to direct my Unit team, to submit my transfer to the regional office. immediately

Mr. Anthony Houston

#15509-016

3/9/05

Regional Administrative Remedy Appeal No. 366291-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted
March 11, 2005, You allege based on the Special Housing Unit (Pilot Program) it puts
you in double jeopardy and violates your 8th amendment rights. You request the
Warden have your Unit Team submit a transfer immediately to the Regional Office.

You were initially assigned to the Special Housing Unit for an investigation of an
incident which occurred involving you and another inmate for fighting. Documentation
reveals you were provided a timely response as to the reasons you were placed in
SHU. While assigned to the Special Housing Unit you received three additional
incident reports, with the last one being written on September 9, 2004. Program
Statement 5100.07, Security Designation and Custody Classification Manual, requires
an inmate to remain at a facility for 12 to 18 months with clear conduct before being
considered for a transfer. You are not eligible for a transfer until September 13, 2005,
pending clear conduct.

Program Statement 5270.07, Inmate Discipline and Special Housing Units, Chapter 9,
Pages 6 and 7, allows for extended placement in Administrative Detention when it is not
determined prudent to release an inmate in general population. Staff have followed
proper procedures during the course of this review, and it was determined, due to the
fact you were involved in a fight with another inmate you should be given a CIMS status
of separation. Based on that information your placement in general population is not
prudent.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with
this response, you may appeal to the Office of General Counsel, Bureau of Prisons,
320 First Street, NW, Washington, DC 20534. Your appeal must be received in the
Office of General Counsel within 30 calendar days of the date of this response.

3-17-05
Date

Regional Director, SERO