UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK A. HENDERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-1891 (CKK) |

**DEFENDANT'S MOTION FOR ENLARGEMENT**
**OF TIME TO RESPOND TO COMPLAINT**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, Defendant Federal Bureau of Prisons ("Defendant"), through counsel, respectfully moves to enlarge by <u>one week</u> the time within which it may respond to the complaint. In support of this motion, Defendant respectfully refers the Court to the attached memorandum of points and authorities.

Because Plaintiff is presently incarcerated and is proceeding <u>pro se</u>, LCvR 7(m) does not apply to this motion, and Defendant therefore has not obtained Plaintiff's position as to the relief requested.[1]

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*" (emphasis added). It does not require counsel to discuss those motions with <u>pro se</u> parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner <u>pro se</u> parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner <u>pro se</u> parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* <u>pro se</u> party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/
_____
STRATTON C. STRAND, D.C. Bar #464992
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK A. HENDERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-1891 (CKK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO COMPLAINT**

1. Pursuant to Fed. R. Civ. P. 6(b)(1), a deadline set by Court order may be extended for good cause shown if the extension request is made before the expiration of the period prescribed.

2. Plaintiff filed the complaint herein on September 23, 2005, and served the U.S. Attorney's Office on September 28, 2005.

3. By minute orders dated November 28 and December 23, 2005, the Court extended through January 27, 2006, Defendant's deadline to respond to the complaint.

4. The undersigned will be responding to the complaint by filing a motion to dismiss and/or for summary judgment. The undersigned now has received the materials on which the dispositive motion will be based, but has been unable to complete it because of a variety of deadlines—including two recent unexpected deadlines—in other cases. Specifically, last week, the undersigned had to handle two emergency subpoena matters which required immediate attention. In the first, Crawford v. U.S. Office of Personnel Management, *et al.* (05-mc-521), the

undersigned received on January 18 a Court order requiring the defendants to respond to a motion to compel by January 23; the plaintiff having failed to serve the U.S. Attorney's Office with her motion to compel, the undersigned was not even aware of the pendency of the miscellaneous action—let alone of the motion to compel—until he received the Court's order on January 18.  The second emergency subpoena matter, In re Zurich American Insurance Co. (05-mc-427), was assigned to the undersigned on January 19.  In In re Zurich, the petitioner served the U.S. Attorney's Office on January 17 with a subpoena (backed by a Court order) requiring testimony and production of documents by the Federal Bureau of Investigation ("FBI") at a deposition set for January 24.  Responding to both of these emergency matters cost the undersigned three full days, and required him to seek an extension of the post-discovery summary judgment deadline in a Title VII case, Hunter v. Rice (04-857), from Monday, January 23, through Friday, January 27.  Thus, the undersigned will not be able to complete the dispositive motion in the case at bar until Friday, February 3, 2006.

5.    The Court has not set a date for an initial scheduling conference.  Thus, the requested extension would not affect any scheduled court appearances.

WHEREFORE, Defendant respectfully requests that it be given until Friday, February 3, 2006, to answer, move, or otherwise plead to the complaint.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/
STRATTON C. STRAND, D.C. Bar #464992
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, this 23rd day of January, 2006, I caused the foregoing, and the attached proposed order, to be sent via first class U.S. mail, postage prepaid, to:

Mark A. Henderson
R15509-016
Atlanta United States Penitentiary
P.O. Box 150160
Atlanta, GA 30315

/s/
STRATTON C. STRAND, DC Bar # 464992
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7236