UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| MARK A. HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1891 (CKK) |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rules 12(b)(1) and (6) and 56 of the Federal Rules of Civil Procedure, Defendant Federal Bureau of Prisons[1], through counsel, hereby moves to dismiss or for summary judgment regarding Plaintiff's Privacy Act and constitutional claims. Defendant does so on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies; (2) the Classification records Plaintiff claims are inaccurate are exempt from the accuracy provision of the Privacy Act; (3) Plaintiff cannot demonstrate a violation of the accuracy provision of the Privacy Act; and (4) Plaintiff's constitutional claims are barred, *inter alia*, by the exclusivity of the Privacy Act's remedial scheme and by sovereign immunity. In further support of this motion, Defendant respectfully refers the Court to the attached statement of material, undisputed facts ("SMF") and to the attached memorandum of points and authorities.

---

[1] Defendant would note that BOP is not a proper party to this lawsuit. As the Court held recently in Reid v. Federal Bureau of Prisons, 2005 WL 1699425, *2 (D.D.C. Jul. 20, 2005): "The proper defendant in a Privacy Act suit is the agency, in this case, the Department of Justice of which BOP is a component."

Plaintiff, who is proceeding *pro se* in this matter, will please take notice that the factual assertions contained in the accompanying declarations and other attachments in support of Defendants' motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in Defendants' declarations and attachments. <u>See</u> <u>Neal v. Kelly</u>, 963 F.2d 453, 456 (D.C. Cir. 1992), and Local Rule 7.1. <u>See also</u> Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Because this is a dispositive motion, and because Plaintiff is an incarcerated *pro se* litigant, Defendants' counsel has not conferred with Plaintiff regarding the motion. <u>See</u> LCvR 7(m).

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

-2-

_____/s/_____
STRATTON C. STRAND, D.C. Bar #464992
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| MARK A. HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1891 (CKK) |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Federal Bureau of Prisons ("BOP"), by and through counsel, respectfully

submits this memorandum of points and authorities in support of its motion for partial dismissal

or, in the alternative, motion for partial summary judgment.

**I.  STATEMENT OF THE CASE**

Plaintiff is a federal prisoner.  See SMF ¶ 2.  He brings this action under the Privacy Act,

5 U.S.C. § 552a, and the U.S. Constitution[2], challenging his placement in a Special Housing Unit

("SHU") while incarcerated at the United States Penitentiary in Atlanta, Georgia ("USP

Atlanta").  Specifically, he claims that, from June 11, 2004, through August 15, 2005, Defendant

inaccurately maintained unspecified "records [i.e. BOP files]," which allegedly caused him to

_____

[2] Appended to Plaintiff's complaint is a page entitled "Supplemental Claim," in which Plaintiff
alleges that correctional officers assaulted him in his cell.  See Dkt. 1 at page 12 of 23.  Because
Plaintiff appears to have properly exhausted this claim, and because claims of assault and battery
by "investigative or law enforcement officers" are not exempt from the Federal Tort Claims Act,
see 28 U.S.C. § 2680(h), Defendant does not move to dismiss or for summary judgment with
respect to this claim.  Defendant has filed herewith an Answer regarding this claim.

continue to be housed in the SHU after he had completed several stints of disciplinary

segregation.  <u>See</u> Complaint at 3-10.  Plaintiff claims that, after he had completed his disciplinary

segregation, he should have been transferred to another institution.  <u>Id.</u>  Plaintiff seeks "$100,000

in monetary damages, and all fees for counsel of record."  <u>Id.</u> at 11.  For the reasons discussed

below, all of Plaintiff's Privacy Act and constitutional claims fail as a matter of law.

## II.  STATEMENT OF FACTS

Defendants adopt as its statement of facts the Statement of Material, Undisputed Facts

appended hereto.

## III.  ARGUMENT

### A.    Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party defending a

claim may assert that the party seeking relief has failed to state a claim upon which relief can be

granted, and that a motion making this defense "shall be made before pleading if a further

pleading is permitted."  The rule provides further that if, on such a motion, "matters outside the

pleading are presented to and not excluded by the court, the motion shall be treated as one for

summary judgment and disposed of as provided in Rule 56."  FED. R. CIV. P. 12(b)(6).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

"shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the movant is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).

Summary judgment is not a disfavored procedural shortcut, but rather is an integral part

of the overall design of the rules of civil procedure, which is to secure the just, speedy, and

inexpensive determination of every action.  Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.

Ct. 2548, 2555  (1986).

      The party moving for summary judgment bears the initial responsibility of informing the

trial court of the basis for its motion and identifying those portions of the record or other

materials which it believes demonstrate the absence of a genuine issue of material fact.  Alexis v.

District of Columbia, 44 F. Supp. 331, 337 (D.D.C. 1999); Celotex, supra, 477 U.S. at 323, 106

S. Ct. at 2553.  When the moving party has carried its burden, the responsibility shifts to the

nonmoving party to show that there is, in fact, a genuine issue of material fact for trial.  Alexis,

44 F. Supp. at 337.  The opposing party must provide "specific facts showing that there is a

genuine issue for trial," and "may not rely on mere allegations or denials to prevail."  Id.  The

trial court must enter summary judgment against a nonmoving party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which the

party will bear the burden of proof at trial.  Celotex, supra, 477 U.S. at 322, 106 S. Ct. at 2552;

see also Alexis, 44 F. Supp. at 337 ("Rule 56(c) *mandates* summary judgment" in this

circumstance) (emphasis added).

**B.**　　**Plaintiff Failed to Exhaust His Administrative Remedies**

      Plaintiff failed to exhaust available administrative remedies, as required by the Prison

Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, Section 803, 110 Stat. 1321,

codified at 42 U.S.C. § 1997e, before bringing the instant Privacy Act and constitutional claims.

For that reason, his claims must be dismissed with prejudice.

      The PLRA provides that "[n]o action shall be brought with respect to prison conditions

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). Plaintiff's lawsuit, brought under the Privacy Act and the

Constitution, clearly qualifies as an action brought under "any other Federal law." Further,

Plaintiff's action challenges the "conditions" under which he was confined. Specifically,

Plaintiff alleges that inaccuracies in unspecified records caused him to be confined in the SHU

after he had completed his disciplinary segregation. Thus, Plaintiff's action is governed by the

PLRA's exhaustion requirement. Cf. Bethea v. U.S. Parole Comm'n, 56 Fed. Appx. 514, 515

(D.C. Cir. 2003) (unpublished) (assuming without deciding that federal prisoner must exhaust

administrative remedies under PLRA before pursuing Privacy Act claim in court); 28 C.F.R.

16.97(i) (2003) ("Under present Bureau of Prisons regulations, inmates in federal institutions

may file administrative complaints on any subject under the control of the Bureau. This would

include complaints pertaining to information contained in [the Bureau's] systems of records").

While not jurisdictional, see Ali v. District of Columbia, 278 F.3d 1, 5-6 (D.C. Cir.2002),

the PLRA's exhaustion requirement nevertheless is mandatory. See Booth v. Churner, 532 U.S.

731, 737 (2001). As explained recently by the U.S. Supreme Court:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve
> the quality of prisoner suits; to this purpose, Congress afforded corrections
> officials time and opportunity to address complaints internally before allowing the
> initiation of a federal case. In some instances, corrective action taken in response
> to an inmate's grievance might improve prison administration and satisfy the
> inmate, thereby obviating the need for litigation. Booth, 532 U.S. at 737. In other
> instances, the internal review might "filter out some frivolous claims." Ibid. And
> for cases ultimately brought to court, adjudication could be facilitated by an
> administrative record that clarifies the contours of the controversy.

Id. at 524-25. The prisoner's duty to exhaust administrative remedies includes a duty to exhaust

any procedures available for the appeal of adverse decisions or grievances deemed denied

-4-

because of inaction on the part of the corrections system. <u>Wendall v. Asher</u>, 162 F.3d 887, 890-92 (5th Cir. 1998).  Moreover, the exhaustion requirement is a prerequisite to suit for money damages even where the administrative-remedy system does not itself provide for money damages.  <u>Booth</u>, 532 U.S. at 741.

The attached declaration of J. Latease Bailey establishes that Plaintiff failed to pursue to completion his administrative challenge to his continued placement in the SHU and non-transfer to another institution.  <u>See</u> Exhibit A (Bailey Decl.) at ¶¶ 19-22, and Exhibit 10 thereto.  Specifically, Plaintiff failed to submit a proper appeal to BOP's Office of General Counsel.  <u>Id.</u>  For this reason, all claims in this lawsuit based upon Plaintiff's continued placement in the SHU and failure to be transferred to another institution upon the completion of his disciplinary segregation must be dismissed with prejudice.

## C.    <u>Plaintiff's Claims Also Fail on the Merits</u>

Leaving aside Plaintiff's failure to exhaust administrative remedies, his claims also must fail on the merits.  First, the records whose accuracy Plaintiff purports to challenge—presumably his Classification records—are exempt from the accuracy provision of the Privacy Act.  Second, even if such records were not exempt, Plaintiff cannot establish the elements of an accuracy claim vis-a-vis BOP—in particular, that BOP maintained any record inaccurately.  Finally, with respect to Plaintiff's constitutional claims, such claims are barred by the exclusive remedial scheme of the Privacy Act; the federal government is immune from constitutional claims for money damages; and Plaintiff has failed to articulate any cognizable constitutional violations.

1.      **Privacy Act Claim**

      a.      **The records in question are exempt from the Privacy Act**

The Privacy Act requires, *inter alia*, that agencies maintain their records "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5); Sellers v. Bureau of Prisons, 959 F.2d 307, 312 (D.C. Cir. 1992). The Privacy Act provides both administrative and civil remedies for violations of its provisions. Under § 552a(d)(2), for instance, an individual may request that an agency administratively amend records he claims are inaccurate. Under § 552a(g)(1)(C), an individual may bring a civil action if an agency's failure to maintain accurate records results in a determination adverse to him, but may collect damages under § 552a(g)(4) only if the agency's conduct was willful or intentional. Sellers, 959 F.2d at 312. Injunctive relief is not available. Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997).

As a law enforcement agency, BOP may be exempted from certain provisions of the Privacy Act. See 5 U.S.C. § 552a(j)(2). In 1987, the Department of Justice published a regulation exempting BOP from the *amendment* provision of the Privacy Act, 5 U.S.C. §552a(d)(2). See 28 C.F.R. § 16.85 (1987); Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997). Courts in this Circuit held that, because the Bureau had not been exempted from the *accuracy* provision of the Privacy Act, the Bureau remained subject to civil actions under subsection (g)(1)(C) and of the Act. See Sellers, 959 F.2d at 309 (allowing civil action against BOP because "regulations governing the Bureau of Prisons and U.S. Parole Commission do not exempt those agencies' records from section (e)(5) of the Act"); see also Deters v. U.S. Parole Comm'n, 85 F.3d 655, 657 (D.C. Cir. 1996) ("Subsection (g)(1)(C) provides a civil remedy if an

agency fails to satisfy the standard in subsection (e)(5)").

In 2002, however, the Department of Justice published a regulation exempting certain types of Bureau record systems from the accuracy provision of the Privacy Act, § 552a(e)(5). See 28 C.F.R. § 16.97. Among the record systems newly exempted from the accuracy provision was the Bureau's Inmate Central Records System, which contains all records potentially relevant to the case at bar, i.e. Plaintiff's Classification records. See 28 C.F.R. § 16.97(j); see also Exhibit A (Bailey Decl.) at ¶ 18. The new regulation went into effect on August 9, 2002. Plaintiff's complaint specifically challenges Defendant's allegedly inaccurate maintenance of records "from June 11, 2004, through [the] 15th day of August, 2005." See Complaint at 3. Thus, any purportedly inaccurate records are exempt from the accuracy provision of the Privacy Act, and this Court lacks subject matter jurisdiction over Plaintiff's Privacy Act claim.

### b.    Plaintiff Cannot Establish the Elements of a Privacy Act Claim

Even if the Classification records in question were not exempt from the accuracy provision of the Privacy Act, Plaintiff could not make out a claim. He cannot show that Defendant intentionally maintained any inaccurate record.

To prevail on an accuracy claim for money damages under the Privacy Act, a plaintiff must prove that: (1) an agency failed to maintain accurate records; (2) it did so intentionally or willfully; and (3) as a result, the agency made a determination adverse to him. See Deters v. U.S. Parole Comm'n, 85 F.3d 655, 657 (D.C. Cir. 1996); Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir. 2002) (plaintiff must show: "inaccurate records, agency intent, proximate causation, and an 'adverse determination.'"). In order to establish willfulness, a plaintiff must prove that the agency "'acted with something greater than gross negligence.'"

Deters, 85 F.3d at 660 (quoting Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987)).  "An agency acts in an intentional or willful manner either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act.  The violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful."  Deters, 85 F.3d at 660 (internal quotations omitted).

Aside from the Court's lack of jurisdiction and Plaintiff's failure to exhaust administrative remedies, the fundamental deficiency in Plaintiff's Privacy Act claim is that he has failed to identify any particular inaccurate record.  He merely alleges that, based on the DHO's recommendation that he should receive a disciplinary transfer to another institution (as one of the sanctions for his fighting conviction, see SMF ¶ 4), Defendant should have transferred him to another institution after he completed his disciplinary segregation.  See Complaint at 3-4. Such an allegation does not support a claim under the Privacy Act.  As this Court has explained:

> The statute allows for correction of facts but not correction of opinions or judgments, no matter how erroneous such opinions or judgments may be. See Peller v. Veterans Admin., 790 F.2d 1553, 1555 (11th Cir.1986) ("The Privacy Act allows for the amendment of factual or historical errors. It is not, however, a vehicle for amending the judgments of federal officials ... as ... reflected in records maintained by federal agencies.").  The opinions of agency officials "may be subject to debate, but they are not subject to alteration under the Privacy Act as long as the opinions are recorded accurately." Reinbold v. Evers, 187 F.3d 348, 361 (4th Cir.1999). . ..

McCready v. Principi, 297 F. Supp. 2d 178, 190 (D.D.C. 2003).  Plaintiff's attempt to challenge the decision-making of the correctional professionals who decided to continue his placement in the SHU simply does not support a claim under the Privacy Act.[3]

---

[3] In addition, Plaintiff has not alleged any intentional or willful conduct sufficient to support a Privacy Act claim for money damages.

Thus, even if this Court did have jurisdiction over Plaintiff's Privacy Act claim, and even if Plaintiff had properly exhausted his administrative remedies, the claim could not succeed on the merits.

### 2.    Constitutional Claims

Plaintiff claims that Defendant violated his Fifth and Eighth Amendment rights.  See, e.g., Complaint ¶¶ (i), 22, 26, 44.  These claims fail because Plaintiff cannot bring constitutional claims based on alleged inaccurate records; because the federal government is immune from constitutional claims seeking money damages; and because Plaintiff has failed to articulate any cognizable constitutional violations.

Plaintiff's claims in this case are similar to those raised in Reid.  In Reid, the *pro se* prisoner plaintiff alleged that BOP's maintenance of purportedly inaccurate records had caused him to be transferred to a higher-security facility and improperly classified.  2005 WL 1699425, *1.  He brought his claim under the Privacy Act, but also asserted various constitutional violations arising from the same facts.  Id. at *1-2.  The Court dismissed the constitutional claims, holding that "[e]ven if plaintiff has raised cognizable constitutional claims, the Privacy Act is the proper vehicle for their resolution."  Id. at *2.  As the Court explained:  "All the constitutional violations arise from BOP's alleged maintenance of and reliance upon inaccurate records, and thus 'are encompassed within the Privacy Act's comprehensive remedial scheme.'"  Id. (quoting Griffin v. Ashcroft, No. 02-5399, 2003 WL 22097940, *2 (D.C. Cir. Sept. 3, 2003) (per curiam) (citing Chung v. U .S. Dep't of Justice, 333 F.3d 273, 274 (D.C. Cir. 2003)).

The same reasoning precludes Plaintiff's constitutional claims in the case at bar.  As in Reid, Plaintiff's constitutional claims arise from BOP's alleged maintenance of and reliance on

inaccurate records.  See Complaint at 3 ("From June 11, 2004, through this 15th day of August, 2005 defendant federal bureau of prisons (B.O.P.) has knowingly and willfully failed to maintain its records [i.e. B.O.P. filed] in a timely, accurate, relevant and complete manner"); at 5 ("defendant . . . failed to put plaintiff paperwork, in for immediate transfer within 90 days of plaintiff being placed in 'post disciplinary segregation'"); at 8-9 ("Due to defendant intentional failure to maintain its records in an accurate, timely, relevant and complete manner ...  plaintiff has suffered an illegal (14) months long term 'control unit' sentence ... and subjected to atypical living conditions in the Special Housing Unit."); and at "Supplemental Claim" (describing case as "my Privacy Act Civil Complaint").  Thus, the proper—though unavailing—vehicle for Plaintiff's claims is the Privacy Act.

        Even if Plaintiff's constitutional claims were not barred by the exclusive remedial scheme of the Privacy Act, they would be barred by sovereign immunity.  Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of the statutory waiver of such immunity.  Lane v. Peña, 518 U.S. 187, 192 (1996); Cox v. Secretary of Labor, 739 F. Supp. 29, 30 (D.D.C. 1990); see also, United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985).  The Constitution does not waive the Government's sovereign immunity in a suit for damages.  See Garcia v. United States, 666 F.2d 960, 966 (5th Cir. 1982); Jaffee v. United States, 592 F.2d 712, 715-18 (3d Cir.), cert. denied, 441 U.S. 961 (1979).  In F.D.I.C. v. Meyer, 510 U.S. 471 (1994), the Supreme Court declined to extend the Bivens rationale beyond individual employees to actions against agencies of the United States.  Meyer, 510 U.S. at 486.  A fortiori, no Bivens-type claim lies against the United States itself.  Cato v.

-10-

United States, 70 F.3d 1103, 1110 (9th Cir. 1995).  See Hohri v. United States, 586 F. Supp. 769,

782 (D.D.C. 1984) (sovereign immunity bars claim against the United States brought directly

under, among other things, the Thirteenth Amendment), aff'd, 847 F.2d 779 (D.C. Cir. 1988),

cert. denied, 488 U.S. 925 (1988).  Because there is no waiver of sovereign immunity for

constitutional tort claims against either federal agencies in their own names or against the United

States itself, it follows that Plaintiff cannot obtain money damages against the BOP for alleged

constitutional violations.[4]

Finally, sovereign immunity aside, Plaintiff also has failed to articulate any cognizable

constitutional violations.  As to his Fifth Amendment claim, Plaintiff alleges that he should have

received a hearing or review before being continued in the SHU after he completed his

disciplinary segregation.  See Complaint at 5-7.  This claim fails because Plaintiff lacks a liberty

interest in being housed in any particular prison or at any particular classification level.  Sandin

v. Conner, 515 U.S. 472 (1995); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Hewitt v.

Helms, 459 U.S. 460, 468 (1983).  In addition, Defendant clearly acted in accordance with its

policy when it found him ineligible to be considered for transfer until he had completed 12

months of clear conduct in SHU.  See SMF ¶¶ 10, 13, and 15.

As to his Eighth Amendment claim, Plaintiff alleges that his accommodations in the SHU

were uncomfortable, including that three men were housed in cells designed for two men, that

---

[4] Plaintiff's invocation of the Federal Tort Claims Act ("FTCA") for his battery claim does not
allow him to pursue constitutional claims against BOP.  Although the FTCA is one waiver of
sovereign immunity sometimes relied upon in suits against the government, the FTCA does not
waive the federal government's immunity from suit for any constitutional torts that may be
committed by its employees.  28 U.S.C. §§ 2679(b)(1) and (b)(2).  See also Kline v. Republic of
El Salvador, 603 F. Supp. 1313, 1317 (D.D.C. 1985); Laswell v. Brown, 683 F.2d 261 (8th Cir.
1982), cert. denied, 459 U.S. 1210 (1983); Birnbaum v. United States, 588 F.2d 319, 327-28 (2d
Cir. 1978).

there were frequent false fire alarms, that other prisoners frequently banged on their cell doors

and screamed, that the toilets and sinks stopped up frequently, that there were rodent droppings

around, and that the food was undercooked and was served on dirty food service trays. See

Complaint at 7-8. By contrast, to constitute a violation of the Eighth Amendment's prohibition

against cruel and unusual punishment, conduct that does not purport to be punishment must

involve more than an ordinary lack of due care. Whitley v. Albers, 475 U.S. 312, 319 (1986).

Obduracy and wantonness, as opposed to simple carelessness, are required to establish a

constitutional violation. Id. Deliberate or callous indifference on the part of prison officials to a

specific known risk of harm is required to state a claim under the Eighth Amendment. Farmer v.

Brennan, 511 U.S. 825, 832 (1994) (not "every injury suffered by one prisoner at the hands of

another . . . translates into constitutional liability for prison officials responsible for the victim's

safety); see Delph v. Trent, 86 F. Supp. 2d 572, 580 (E.D. Va. 2000) (holding that no Eighth

Amendment violation was established where a corrections officer took affirmative steps to stop

an altercation between two inmates).

The Supreme Court has identified two factors for determining the existence of an Eighth

Amendment violation. First, "the inmate must show that he is incarcerated under conditions

posing a substantial risk of serious harm." Farmer, 452 U.S. at 834. Second, the inmate must

show that the prison officials have a "sufficiently culpable state of mind," or one of "deliberate

indifference to inmate health or safety," to violate the Eighth Amendment. Id. Specifically,

prison officials

> cannot be found liable under the Eighth Amendment for denying an inmate
> humane conditions of confinement unless the official knows of and disregards an
> excessive risk to inmate health or safety; the official must both be aware of facts

from which the inference could be drawn that a <u>substantial risk of serious harm</u> exists, and he must also draw the inference.

<u>Id</u>. at 837 (emphasis added).

Even a liberal reading of Plaintiff's complaint in this case fails to reveal any basis for a constitutional violation.  Plaintiff complains of conditions that made him uncomfortable, not of conditions that created an "excessive" risk to his health of safety.  Nor does Plaintiff even aver that he brought any serious health or safety-related conditions to the attention of prison officials and that they failed to remedy them.  Accordingly, Plaintiff cannot possibly make out a claim of cruel and unusual punishment under the Eighth Amendment.

In sum, Plaintiff's constitutional claims are barred by the exclusivity of the Privacy Act and by sovereign immunity.  Even without these bars, Plaintiff's claims would fail on the merits.

## IV.  CONCLUSION

Based upon the foregoing, Defendant respectfully requests that it be granted judgment as a matter of law on Plaintiff's Privacy Act and constitutional claims, and that those claims be dismissed with prejudice.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____/s/_____
STRATTON C. STRAND, D.C. Bar #464992
Assistant United States Attorney

-13-

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 7th day of February, 2006, the foregoing, and the

attached proposed order, were mailed postage prepaid to:

Mark A. Henderson
R15509-016
Atlanta United States Penitentiary
P.O. Box 150160
Atlanta, GA 30315


                                                 /s/

STRATTON C. STRAND, D.C. Bar #464992
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7236