UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MARK A. HENDERSON,                  )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 05-1891 (CKK)
                                    )
FEDERAL BUREAU OF PRISONS,          )
                                    )
            Defendant.              )
_____)

**DEFENDANT'S STATEMENT OF MATERIAL, UNDISPUTED FACTS**

Pursuant to LCvR 7(h), Defendant respectfully submits that the following material facts are undisputed:

1. On October 1, 2002, Mr. Henderson, register number 15509-016, was sentenced in the District Court for the Eastern District of North Carolina to 150 months (12.5 years) imprisonment with a 5 year term of supervision to follow for Armed Bank Robbery, a violation of Title 18, U.S.C. § 2113(a)(d). See Declaration of J. Latease Bailey, attached hereto as Exhibit A, at ¶ 2. Based on a Rule 35 government appeal, Mr. Henderson's sentence was changed to 120 months (10 years). Id. Mr. Henderson is projected for release September 18, 2010, via good conduct time credits. Id.

2. From February 2, 2004, through November 3, 2005, Mr. Henderson was housed at the United States Penitentiary in Atlanta, Georgia ("USP Atlanta"), a High-Security facility. See Exhibit A (Bailey Decl.) at ¶ 3. On November 4, 2005, he was transferred to the penitentiary at the Federal Correctional Complex in Coleman, Florida ("FCC Coleman"), a High Security facility, where he currently is housed. Id.

3. On June 11, 2004, Plaintiff was placed in the Special Housing Unit ("SHU") at USP Atlanta pending investigation of an incident in which he was alleged to have been fighting with another inmate. See Exhibit A (Bailey Decl.) at ¶ 4.

4. On August 10, 2004, BOP held a disciplinary hearing concerning the 201 charge. See Exhibit A (Bailey Decl.) at ¶ 5. The Disciplinary Hearing Officer ("DHO") found Mr. Henderson guilty of the charge and imposed several sanctions, including disciplinary segregation for 30 days. Id. The DHO also recommended that Mr. Henderson receive a disciplinary transfer to another institution. Id.

5. Based on Mr. Henderson's conviction on the 201 charge, he was assigned a Central Inmate Monitoring System ("CIMS") status of "Separation." See Exhibit A (Bailey Decl.) at ¶ 7.

6. USP Atlanta inmates serve disciplinary segregation in the SHU. Mr. Henderson began his 30 days of disciplinary segregation on August 10, 2004, the day the DHO imposed the sanction. See Exhibit A (Bailey Decl.) at ¶ 8.

7. On August 22, 2004—while Mr. Henderson still was serving disciplinary segregation for the 201 infraction—he received an Incident Report for assaulting another inmate without causing serious injury and for engaging in high-level disruptive conduct. See Exhibit A (Bailey Decl.) at ¶ 9. At a hearing held on September 13, 2004, the DHO found Mr. Henderson to have committed both infractions and imposed several sanctions, including disciplinary segregation for 30 days. In addition, the DHO again recommended a disciplinary transfer to another institution. Id.

8. On August 23 and on September 13, 2004, Mr. Henderson received Incident

Reports for assaulting another inmate without causing serious injury and for making a sexual proposal/threat to another inmate, respectively. See Exhibit A (Bailey Decl.) at ¶ 10. At hearings held on September 14 and September 21, 2004, the DHO found Mr. Henderson to have committed both infractions and sanctioned him by, among other things, imposing two additional 30-day periods of disciplinary segregation. Id.

9. Pursuant to these several sanctions, Mr. Henderson served disciplinary segregation through December 12, 2004. See Exhibit A (Bailey Decl.) at ¶ 11.

10. Mr. Henderson remained in SHU from December 13, 2004, through November 3, 2005. While the DHO had recommended him for a disciplinary transfer to another institution, Mr. Henderson could not be considered for transfer until September 13, 2005—i.e. 12 months after his last Incident Report—pursuant to the High Security Transfer Pilot program, a BOP program implemented Bureau-wide on November 15, 2004 ("SHU Pilot Program"). See Exhibit A (Bailey Decl.) at ¶ 12.

11. There is no BOP policy requiring that a DHO's disciplinary-transfer recommendation be approved. Such recommendations are just that: recommendations. Only the Regional Office may approve disciplinary transfers. See Exhibit A (Bailey Decl.) at ¶ 13.

12. On March 8, 2005, Mr. Henderson filed an Administrative Remedy Appeal to the Southeast Region's Regional Director challenging his continued placement in SHU after completion of his disciplinary segregation. See Exhibit A (Bailey Decl.) at ¶ 14.

13. The Regional Director received Mr. Henderson's appeal on March 11, 2005. See Exhibit A (Bailey Decl.) at ¶ 15. On March 17, 2005, the Regional Director denied Mr. Henderson's appeal, explaining to him that he could not considered for transfer "until September

13, 2005, pending clear conduct." Id.

14. In reviewing Mr. Henderson's regional appeal, the Regional Director also determined that, given Mr. Henderson's CIMS status of "separation," his "placement in general population is not prudent." See Exhibit A (Bailey Decl.) at ¶ 16.

15. On September 14, 2005, the Southeast Regional Office approved a disciplinary transfer (309 Transfer) of Mr. Henderson. On November 4, 2005, Mr. Henderson was transferred to FCC Coleman.

16. All records related to Plaintiff's classification, including all housing and transfer records, are maintained in his Inmate Central File. See Exhibit A (Bailey Decl.) at ¶ 18. The Inmate Central File is part of BOP's Inmate Central Records System. Id.

17. BOP has a three-level administrative remedy process through which an inmate may obtain formal review of a complaint related to any aspect of his confinement. The first step of the process is for the inmate to file a request for administrative relief (BP-9) with the Warden of the institution where the inmate is confined within 30 days of the date of incident. If dissatisfied with the Warden's response, the inmate may file an appeal (BP-10) to the Regional Director. If dissatisfied with the Regional Director's response, the inmate may file an appeal (BP-11) with the Office of General Counsel. The response from the General Counsel's Office is the final agency decision. See Exhibit A (Bailey Decl.) at ¶ 19.

18. Mr. Henderson has filed the following administrative remedy requests relevant to this case:

    a. Remedy Number 362019-F1, regarding the SHU Pilot program. This remedy was rejected because it was not submitted through the counselor or other authorized

person, nor did Mr. Henderson attempt informal resolution. He was directed to properly resubmit within 5 days. There is no record of resubmission.

    b.    Remedy Number 366291-F1, regarding his desire for a transfer to another facility and his continued placement in SHU. This remedy request was accepted and his remedy was denied.

    c.    Remedy Number 366291-R1 was an appeal to the region regarding the denial of remedy number 366291-F1. The region agreed with the institution and also denied the remedy.

    d.    Remedy Number 366291-A1, which was an appeal of the denials of 366291-F1 and 366291-R1. This remedy was rejected because the copies of the remedies Mr. Henderson submitted were not legible. Mr. Henderson was directed to resubmit legible copies.

    e.    Remedy Number 366291-A2 was a resubmission. However, this remedy, too, was rejected as being illegible. There is no record of a further resubmission of this remedy.

See Exhibit A (Bailey Decl.) at ¶ 21.

    19.    By failing to submit legible copies of his remedies to the Office of the General Counsel, Mr. Henderson failed to exhaust all steps of the administrative remedy process regarding his continued placement in SHU and his desire for a transfer to another institution. See Exhibit A (Bailey Decl.) at ¶ 22.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____/s/_____
STRATTON C. STRAND, D.C. Bar #464992
Assistant United States Attorney