

U.S. Department of Justice
Federal Bureau of Prisons

# Program Statement

OPI: CPD/CORR
NUMBER: 5270.07
DATE: December 29, 1987
SUBJECT: Inmate Discipline and Special Housing Units

This Program Statement transmits policies and procedures prescribed for Inmate Discipline and Special Housing Units. This Program Statement becomes effective January 4, 1988. This effective date means that the new rules and procedures will apply to the processing of all acts of misconduct committed at and after 12:01 a.m. on January 4, 1988.

\s\
J. MICHAEL QUINLAN
Director

[Bracketed Bold - Rules]
Regular Type - Implementing Information

NOTE: ONLY SIGNIFICANT CHANGES IN THE FORMER PROGRAM STATEMENT ON INMATE DISCIPLINE (P.S. 5270.6) ARE INDICATED BY THE FOLLOWING SYMBOL:*


GOVERNMENT EXHIBIT 8

Part 540, Subpart B refers to P.S. 5265.8, Correspondence Regulations; Part 540, Subpart D refers to P.S. 5267.4, Visiting Regulations; Part 540, Subpart 1 refers to P.S. 5264.3, Telephone Regulations for Inmates; Part 543 refers to P.S. 1315.3, Inmate Legal Activities; Part 548 refers to P.S. 5360.5, Religious Belief and Practices of Committed Offenders.

## ADMINISTRATIVE DETENTION

1.   [ADMINISTRATIVE DETENTION §541.22. Administrative detention is the status of confinement of an inmate in a special housing unit in a cell either by self or with other inmates which serves to remove the inmate from the general population.

   a. Placement in Administrative Detention. The Warden may delegate authority to place an inmate in administrative detention to Lieutenants. Prior to the inmate's placement in administrative detention, the Lieutenant is to review the available information and determine whether the inmate's placement in administrative detention is warranted. The Warden may place an inmate in administrative detention when the inmate is in holdover status (i.e., en route to a designated institution) during transfer, or is a new commitment pending classification. The Warden may also place an inmate in administrative detention when the inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates or to the security or orderly running of the institution and when the inmate:

   (1)   Is pending a hearing for a violation of Bureau regulations;

   (2)   Is pending an investigation of a violation of Bureau regulations;

   (3)   Is pending investigation or trial for a criminal act;

   (4)   Is pending transfer;

   (5)   Requests admission to administrative detention for the inmate's own protection, or staff determines that admission to or continuation in administrative detention is necessary for the inmate's own protection (see §541.23); or

   (6)   Is terminating confinement in disciplinary segregation and placement in general population is not prudent. The Segregation Review Official is to advise the inmate of this determination and reason for such action.]

   The review must be separate from the initial hearing before the DHO which resulted in the inmate's placement in disciplinary segregation.

```
                                                       P.S. 5270.07
                                                CN-07, September 4, 1996
                                                       Chapter 9, Page 7
```

\*        (a)  [(i)  Except for pretrial inmates or inmates in a control unit program, staff ordinarily within 90 days of an inmate's placement in post-disciplinary detention shall either return the inmate to the general inmate population or request regional level assistance to effect a transfer to a more suitable institution.]                                                       \*

On occasion, court requirements or similar constraints require an inmate's retention beyond 90 days (for example, the inmate cannot be transferred due to pending charges). Whenever it is necessary to hold an inmate in post-disciplinary detention beyond 90 days, the Regional Director is to be notified.

Administrative type institutions are facilities to which inmates are assigned for factors other than security, e.g., mental health reasons, short term inmates, etc. (see the Program Statement on the Security Designation and Custody Classification System). See the Program Statement on Pretrial Inmates, for procedures in regards to this category.

(i) If an inmate is unable to be placed into the general population, the reason is documented and the case, with all relevant material, is referred to the appropriate Regional Director, Attention: Regional Correctional Services Administrator. The Correctional Services Administrator will review the case with the Regional Designator, and a recommended placement will then be given to the Regional Director.

(ii) All Central Inmate Monitoring Cases (CIM) cases will receive a CIM clearance before transfer, under the provisions of the current Program Statement on the Central Inmate Monitoring System.

(iii) A Regional Director may order the transfer of post-disciplinary detention cases within that Region, or to other Regions with the concurrence of the receiving Regional Director.

(b) [(ii) The Assistant Director, Correctional Programs Division, shall review for purpose of making a disposition, the case of an inmate not transferred from post-disciplinary detention within the time frame specified in paragraph (a) of this section.]

Referrals to the Assistant Director are made only in the event that the appropriate Regional Director is unable to resolve the situation within the 90-day period. When this occurs, a referral will be made within 10 days by the Regional Director to the Assistant Director.