

**U.S. Department of Justice**
Federal Bureau of Prisons

Program Statement

**OPI:** CPD
**NUMBER:** 5800.11
**DATE:** September 8, 1997
**SUBJECT:** Inmate Central File, Privacy Folder, and Parole Mini-Files

1. PURPOSE AND SCOPE. The Bureau of Prisons maintains complete information on all inmates confined in Bureau institutions. Staff use the Inmate Central File, Privacy Folder, and Parole Mini-file to maintain pertinent information regarding a detainee, unsentenced and sentenced offenders.

The Bureau of Prisons has had numerous policy sources on all facets of the Inmate Central File System. This Program Statement consolidates many of these sources for easier reference. This issuance sets forth guidelines in the following areas:

a. Inmate Record Functions,
b. Inmate Central Files,
c. Standardization of Inmate Central File Material,
d. Maintenance, Security, and Access Responsibilities and Procedures,
e. Routine Uses of Inmate Central File,
f. Disclosure of Inmate Central File Materials,
g. Inmate Review of Inmate Central File,
h. Documentation of Oral Disclosure,
i. Transfer of Records Between Bureau Facilities,
j. Requests for Forwarding of Inmate Files,
k. Retirement of Inmate Central File, and
l. Parole Mini-files.
m. Pretrial Inmate File Material/Immigration & Naturalization Service (INS) Detainees

2. PROGRAM OBJECTIVES. The expected results of this program are:

a. Inmate files will be maintained with complete information on each inmate confined in a Bureau of Prisons institution.

b. U.S. Parole Mini-Files will be completed and accessible to the U.S. Parole Commission for all inmates specified in this Program Statement.



3. DIRECTIVES AFFECTED

a. Directive Rescinded

| | |
|---|---|
| PS 5800.09 | Inmate Central File, Privacy Folder and Parole Commission Files (7/21/93) |

b. Directives Referenced

| | |
|---|---|
| PS 1330.13 | Administrative Remedy Program (12/22/95) |
| PS 1351.04 | Release of Information (12/5/96) |
| PS 5100.06 | Security Designation and Custody Classification Manual (6/7/96) |
| PS 5180.04 | Central Inmate Monitoring System (8/16/96) |
| PS 5310.12 | Psychology Services Manual (8/30/93) |
| PS 5321.06 | Unit Management (7/31/96) |
| PS 5800.07 | Inmate Systems Management Manual (12/24/91) |
| PS 7331.03 | Pretrial Inmates (11/22/94) |
| TRM 5802.01 | SENTRY General Use Technical Reference Manual (06/01/94) |

Federal Register, Volume 41, Number 181 (9/16/76)

4. STANDARDS REFERENCED

a. American Correctional Association 3rd Edition Standards for Adult Correctional Institutions: 3-4092, 3-4093, 3-4095,3-4096, 3-4233, 3-4234.

b. American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities: 3-ALDF-1E-05, 3-ALDF-1E-01, 3-ALDF-1E-02, 3-ALDF-1E-04, 3-ALDF-1E-05, 3-ALDF-1E-06, 3-ALDF-IF-08, 3-ALDF-3C-19, 3-ALDF-3C-20.

c. American Correctional Association 2nd Edition Standards for Administration of Correctional Agencies: 2-CO-1E-01, 2-CO-1E-02, 2-CO-1E-03, 2-CO-1E-04, 2-CO-1E-06, 2-CO-1E-07, 2-CO-1E-08, 2-CO-1E-09.

d. American Correctional Association Standards for Adult Correctional Boot Camp Programs: 1-ABC-1E-04, 1-ABC-1E-05, 1-ABC-1E-06, 1-ABC-1E-07, 1-ABC-1E-08, 1-ABC-3C-13.

5. PRETRIAL PROCEDURES. File materials for pretrial inmates shall be kept in letter size, straight cut, drop file folders. The location of the folders shall be identified in the local Institution Supplement at the Warden's discretion. Depending on where the pretrial file is maintained will determine the appropriate accountability procedures. For example, if the file is maintained in Inmate Systems Management (ISM), ISM will account for the file folders according to the ISM Department

accountability procedures; likewise, if the file is maintained in the unit, the unit will account for the file folders according to unit accountability procedures. In either situation, accountability procedures shall be established and outlined in the Institution Supplement.

Staff shall adhere to the general requirements concerning the handling of inmate files addressed in this Program Statement. Pretrial file material shall include any documentation normally retained for a sentenced inmate. FOI Exempt material shall be placed in the drop file folders appropriately stamped "FOI Exempt."

6. DETAINEES (INS). Institution staff shall maintain the Inmate Central File on an inmate who completes his/her sentence and is reclassified as an INS detainee. The existing Inmate Central File shall incorporate any documents accumulated during his/her status as an INS detainee. The existing Inmate Central File shall be maintained active until the inmate is removed from the institution by INS officials.

For inmates who are initially classified as INS detainees and therefore have had no previous Inmate Central File created, institution staff shall adhere to Section 5 (Pretrial Procedures) of this Program Statement on specific instructions on file materials for INS detainees. The Institution Supplement shall address the location of the files and establish file accountability procedures.

6. WITNESS SECURITY FILES. Because of the sensitivity of Witness Security Cases, procedures for handling these files may differ. For specific instructions refer to the Central Inmate Monitoring Manual and/or the Protective Custody Unit Manual.

7. INMATE RECORD FUNCTIONS. Many inmate administrative and clerical functions are appropriately performed in the unit while others are appropriately performed in the ISM Department. Normally, the functions of Central Files, Privacy Folder, and mini-files created for use by the U.S. Parole Commission are separated by Unit Staff/ISM Staff responsibilities in the following manner.

a. Unit Functions

- Create Inmate Central Files,
- Create Privacy Folder,
- Maintain Inmate Central File,
- Monitor the filing/security of Inmate Central File, and
- Create Parole Mini-files.

b. Inmate Systems Management Functions

- Coordinate movement of Central Files/Central File material to units,
- Interagency transfer of files, and
- Retirement and retrieval of inactive files.

c. Regional Inmate System Functions

- Create and maintain State concurrence Central Files.

d. Community Corrections Managers Functions

- Create and maintain Inmate Central Files on Federal inmates being boarded in state facilities (State Boarders).

8. INMATE CENTRAL FILE

a. Documents File. Part of the Inmate Central Records System is defined in the Federal Register, September 16, 1976, Volume 41, No. 181, page 39918.

b. Creation. Each Unit Secretary shall review the SENTRY Daily Log for unit assignments and create the Inmate Central File and Privacy Folder immediately after the assignment to a housing unit at the institution to which the inmate has been designated. Inmates who have been previously classified and who are subsequently transferred from other Bureau institutions ordinarily shall not require creation of another Inmate Central File. Former files on individuals recommitted under the same sentence shall be reactivated.

The six-position Inmate Central File Folder shall be used, along with a pressure-sensitive label. Tattered or torn file folders should be replaced. The General Services Administration currently supplies the Inmate Central File Folder. Specific details and ordering instructions may be obtained from the institution Business Office.

c. Location. The Inmate Central File is maintained at the current or last institution or facility of confinement. Once the inmate has been released, refer to the Inmate Systems Management Manual for further instructions.

d. Categories of Individuals Covered. Current and former sentenced inmates under the custody of the Attorney General of the United States to include Study and Observation cases.

e. Organization. The six-position Inmate Central File folder provides for the organization of filed material, topically, as follows:

| **Section No.** | **Topic** |
|---|---|
| 1. | Sentence Data/Detainers/IFRP |
| 2. | Classification/Parole Material |
| 3. | Mail, Visits, and Property, etc. |
| 4. | Conduct, Work and Quarters Reports |
| 5. | Release Processing |
| 6. | General Correspondence |

In addition, a Privacy Folder, attached to the top of Section 5, provides a receptacle for storing Freedom of Information Act (FOIA) Exempt material. The department responsible for ordering Privacy Folder inserts shall consult the institution Business Office to ensure proper procedures are followed.

f. Standardization of Inmate Central File Material. Standardization streamlines the filing of material, expedites accessibility and retrieval of data, and eliminates the need to rearrange files of inmates transferring into the unit.

(1) Responsibilities. All institutions shall comply with the standardized system for organizing material in the Inmate Central File and Privacy Folder.

Unit Managers are ordinarily responsible for ensuring all Inmate Central Files and Privacy Folders are organized as stated herein. At institutions retaining a centralized file system, the Warden shall designate staff accountable for standardized filing of material.

(2) Requirements. Detailed instructions for the order of routine filing are included in Section 9 of this Program Statement, with the filing of FOIA Exempt materials in the Privacy Folder detailed in Section 10.

(3) Storage. Files shall be stored alphabetically.

g. Multiple Volumes. When it becomes necessary to establish a second volume of an inmate's Central File, the second volume shall be created containing all the original core documents required for an initial file.

(1) Core Documents. Core documents shall include:

* (a) CIM White Card *
(b) Intact FOIA Exempt section from primary volume
(c) J&C
(d) PSI
(e) Chronological Disciplinary Record for Incident Reports written before December 1, 1990.

(2) Privacy Folder. A new Privacy Folder shall not ordinarily be re-created. Staff shall remove the FOI Section from the preceding volume and insert it in the newly created volume.

(3) Controls. Multiple volumes shall be clearly identified on the check-out cards, file tabs, and on the file cover (i.e., Volume I of III, Volume II of III, etc.)

- A Check-out Card (BP-387) shall be used for each volume.

- If all volumes of multiple files are not maintained in the regular Central File cabinet, the current volume is to be marked as to the location of the other volume(s).

- Each **volume** shall be accounted for daily. Thus the total file count will exceed the inmate count when multiple volumes exist.

- At the beginning of each month, a list of inmates with multiple volume files is to be included on the file count record noting the number of volumes. Addition and deletion of files and volumes of files will then be noted on the file count record for the remainder of that month.

- Multiple volume files shall be created chronologically, maintaining the six-position file's order.

9. INMATE CENTRAL FILE ORDER. The six-position Inmate Central File provides for the organization of filed material. Material shall be filed in the following order in the Inmate Central File (top to bottom) by sections when the document, report, etc. is appropriate, available, and disclosable to the inmate.

a. Section One: (Sentence Data/Detainers/Inmate Financial Responsibility Program)

* (1) CIM White Card *
(2) SENTRY Sentence Computation Record (most current)
(3) Copy of Judgment in a Criminal Case or Judgment and Commitment Papers (all)
(4) Financial Responsibility SENTRY Module Contract (most current)

(a) Installment Schedule Agreement for Unpaid Fines form (if applicable)
(b) Cost of Incarceration Fee form (BP-546) (if applicable)
(c) Correspondence relating to IFRP i.e. (BP-445's, Financial Litigation Unit Correspondence)

(5) Extra Good time Recommendation (BP-390) (all)
(6) Statutory Good Time Action Notice (BP-389) (all)
(7) Good Conduct Time Action Notice (BP-448) (all)
(8) Detainer Action Letter (BP-394) (all)
(9) Interstate Agreement on Detainer forms (BP-235 through 239) (copy, if applicable)
(10) FBI Fingerprint Report (RAP Sheet) or request for RAP Sheet; no Bureau run NCIC/III records in disclosable portion of File
(11) Disclosable AO-235/AO-245/USA-792, (with response, if applicable)

b. Section Two: (Classification and Parole Materials)

(1) Inmate Activity Record form (BP-381); new form for each institution (all)
(2) In-Transit Data form (most current)
(3) Copy of Transfer Order (BP-399) (all)
(4) Copy of Redesignation Approval, SENTRY Clearance Data - no separatees listed (most current)
(5) Request for Transfer (all)
(6) Request for Management Variable Application/Updated Expiration Date or PSF Waiver (all)
(7) Custody Classification form (most current; all exception cases resulting in custody reductions)
(8) Parole forms (in chronological order) (all)

(a) Parole Commission Appeals, National/Regional
(b) Notice of Action
(c) Notice of Action, Part II-Salient Factor
(d) Waiver of Notice, Representation or Disclosure Staff Representative form
(e) Notice of Hearing
(f) Parole Application/Waiver (I-24)
(g) Background Statement of Inmate (I-32)
(h) Attorney Witness Election forms (I-16) and (CJA 22)

(9) Related Correspondence to Parole Commission (all)

(a) Parole Violation Warrant Application
(b) USPO packet excluding duplication

(10) Most current Progress Report
(11) Classification Material

Program Review forms (BP-191) (6 most current)

(12) Treaty Transfer Packet (copy, if applicable)

(a) Transfer Inquiry form (BP-297) (if applicable)
(b) Treaty Transfer Case Summary (if applicable)

(13) Executive Clemency Report (if applicable)
(14) Request for PSI (U.S. District Courts Only)
(15) Security Designation form (BP-337)
(16) Presentence Investigation Report (PSI) (U.S. District Courts Only)/Probation Violator Report
(17) Correspondence relating to PSI (disclosable)

c. Section Three: (Mail, Visits, Property, etc)

(1) Extra Photographs, stored in envelope (most current)
(2) Social Security Card, Drivers License, etc. (stored in envelope; send to R&D upon release)
(3) Approved Visiting List (most current)
(4) Correspondence relating to Visiting List (disclosable)
* (5) Telephone List (most current since the last Program Review) *
(6) Telephone Number Request form (BP-505) (all)
(7) Correspondence relating to Telephone List (disclosable)
(8) Inmate to Inmate Correspondence Approvals (all)
(9) Acknowledgment of Inmate (BP-407/408) (all)
(10) Inmate Personal Property Records (BP-383) (all)
(11) Confiscation & Disposition of Contraband forms (BP-402) (all)
(12) Commissary Issue Card form (most current)
(13) Request/Authorization to Mail Inmate Packages (BP-329) (maintain for two years)
(14) Authorization to Receive Packages or Property (BP-331) (maintain for two years)
(15) Injury Report - Inmate (BP-S140.016) (all)
(16) Uniform Basic Safety Regulations (BP-169) (most current)
(17) Institution AIDS Training (most current)
(18) Admission and Orientation Program Checklist (all)
(19) Intake Screening form/(Rights & Responsibilities (all)
(20) Medical/Psychology Intake Screening Form (BP-354) (all)

d. Section Four: (Conduct, Work, Quarters Reports, etc)

(1) Chronological Disciplinary Record for Incident Reports written prior to December 1, 1990
(2) Incident Reports, UDC Actions (all)
(3) Discipline Hearing Officer Packet; file each UDC/DHO action as a packet in chronological order (all)

(a) Incident Report (BP-288)
(b) Inmate Rights at Discipline Hearing (BP-293)
(c) Notice of Discipline Hearing Before the DHO (BP-294)
(d) Duties of Staff Representative (BP-306)
(e) Waiver of Appearance (BP-307)
(f) Discipline hearing Officer (DHO) Report (BP-304)
(g) DHO Checklist (BP-447)
(h) Administrative Detention Order (BP-308)
(i) Special Housing Unit Record (BP-292)
(j) Special Housing Review (BP-295)

(k) Temporary Placement in Disciplinary Segregation Order (BP-321), including any supporting disclosable documentation

(4) Work Performance Rating forms, UNICOR and IPP (purged after incorporated into the inmate's progress report)
(5) Request for Vacation (most current)
(6) Education Data

(a) Education Data Transcript (most current)
(b) High School Diploma or proof of its attainment GED
(c) V/T Certificates (all)
(d) Other Education Related Documents

(7) Drug Abuse Program correspondence (most current on top)

e. <u>Section Five: (Release Processing)</u>

(1) Institution/Unit Release Preparation Checklists (most current)
(2) Program Review Report (BP-571) (if applicable; original report regarding Notification of Prisoner Release)
(3) Notification of Community Treatment Programs form (if applicable)
(4) USPO Plan Approval (most current)
(5) Parole Certificates, Parole form (H-13) (all)
(6) Parole Certificate Request form (most current)
(7) Release Correspondence (Pre-release progress report receipts) (most current)
(8) Notice of Release and Arrival, Parole form (I-13) (all)
(9) Deportation Notice (Parole form 55) (all)
(10) Supervision Release Plan form (BP-522) (all)
(11) Inmate Education Data Transcript (most current)
(12) Certificate of Mandatory Release, Mandatory Release to Special Parole, Special Parole or Court Designated Parole (Parole form I-33) (all)
(13) Release Authorization (BP-392) (all)
(14) Gratuity forms (BP-189 or BP-379) (most current)
(15) Notification of Prisoner Release Form (if applicable)
(16) Release of Immigration Detainee with Supervision to follow (BP-325) (all)
(17) Conditions of Probation and Supervised Release, (Probation form 7A) (if applicable)
(18) CCC Terminal Report (if applicable)
(19) CCC Packet (most current)

(a) Furlough Approval and Record form (BP-291) (CCC Only)
(b) Institution Referral for CCC Placement (BP-210)
(c) Acceptance/Denial Documentation from CCM
(d) Exception Memorandum from Warden done prior to April 30, 1993.

(e) Exclusion memorandum from the Warden with rationale for exclusion from CC programs/Inmates refusal to participate in CC programs memorandum
(f) Medical Evaluation for CCC Placement (BP-351)
(g) Community Based Program Agreement

(21) Prior Release Documents (file entire packet together)

f. <u>Section Six: (General Correspondence) - Chronological</u>

(1) Correspondence, General
(2) Furlough Packet (all)

(a) Furlough Questionnaire USPO (BP-302)
(b) Furlough Questionnaire
(c) Furlough Approval form (BP-291)
(d) Correspondence Regarding Furlough
(e) Furlough Evaluation

(3) Record of Escorted Trip (most current)
(4) Inmate Request to Staff Member (BP-148) (all)
(5) Congressional Correspondence - Entire Packet (all)
(6) Consent forms - General (all)

<u>Note</u>: No Administrative Remedy Responses should be maintained in the Inmate Central File. See the Program Statement on the Administrative Remedy Program for file maintenance.

10. <u>PRIVACY FOLDER</u>. The Privacy Folder is to be located on the top of Section 5 of the Inmate Central File. The Privacy Folder contains two sections.

- FOIA Exempt material for Section I shall include Central Inmate Monitoring documents and Victim/Witness Information.

- Section II shall include other non-disclosable material from the Inmate Central File.

All material not considered FOIA Exempt shall be filed in the appropriate section of the Inmate Central File.

a. <u>Section One: Central Inmate Monitoring and Victim/Witness Notification Packet</u>

(1) CIM (BP-339) (most current)
(2) CIM (BP-340) (all)
(3) CIM Documentation (all)
(4) Cover Memorandum to Appropriate Review Authority (all)
(5) CIM Approval Letter from Appropriate Review Authority (all)

(6) CIM Clearance Request with corresponding SENTRY Clearance Data Display.
(7) Victim/Witness Protection Packet - Notification Log (all)

(a) Initial Notification Letter
(b) All Other Victim/Witness Notification Documents (all)

b. Section Two: Miscellaneous Non-Disclosable Materials

(1) Secret Service Card
(2) Non-Disclosable PSI, AO 235, 245, USA 792 and Sentencing Memo/Transcript
(3) FOIA Exempt In-Transit Data form (most current)
(4) Psychological/Psychiatric Intake Screening form (BP-435 and 436) (Only FOIA EXEMPT) documents determined by Psychology staff.
(5) Visitor Information form (BP-309) (all)
(6) Visitor Authorization for Release form (BP-310) (all)
(7) Request for Conviction Information form (BP-311) (all)
(8) Any Materials from the Central File which are FOIA Exempt are to be filed chronologically.
(9) Any other Materials that are FOIA exempt:

(a) Study and Observation Cases (all)
(b) Confidential Investigations (all)

11. U.S. PAROLE COMMISSION MINI-FILES. All facilities shall adhere to the U.S. Parole Commission Rules and Regulations in creating and handling these files.

a. Origin. The Unit Secretary shall create the Parole Mini-file at the time of admission for all commitments who are eligible for parole and will eventually be released with U.S. Parole Commission supervision to follow.

Files on inmates who do not receive a hearing or are not granted parole but who have a mandatory or special parole term after release shall be sent immediately after the inmate's release to the appropriate U.S. Parole Commission Office which has supervision responsibility.

Parole Mini-files shall be created for adult sentences imposed under 18 U.S.C. 4205(f) and the YCA provision 18 U.S.C. 3401(g) of the Federal Magistrate Act of 1979. Files shall also be created for all inmates serving sentences imposed under 21 U.S.C. 848 (Continuing Criminal Enterprise) even though inmates sentenced under such sentences are not eligible for parole. Upon the inmate's release from confinement, these files shall be sent to the appropriate U.S. Parole Commission Office supervising the inmate.

(Supplies of file folders and pressure-sensitive folder labels are obtained from the appropriate U.S. Parole Commission Office.)

b. Maintenance and Use. These files are to be maintained at the same institution at which the inmate is confined. Prior to the initial parole hearing, the files are to be shipped via certified mail or via United Parcel Service, to the appropriate U.S. Parole Commission office. Following review at the U.S. Parole Commission, the file is returned to the institution for storage until the hearings occur.

When practical, after hearings, U.S. Parole Commission examiners may take smaller quantities of these files with them when they return to their office. Otherwise, other staff the Warden designates shall clip the Commission Order, hearing summary, tape and notes, and other hearing documents to the inside of the Parole Mini-file before transmittal in the order indicated. These shall be delivered to the institution mailroom for shipment. Hearing tapes shall be boxed and sent as soon as possible to the U.S. Parole Commission office.

When an inmate waives parole consideration or no hearing is conducted, the Parole Mini-file shall be forwarded upon the inmate's release to the U.S. Parole Commission office provided the inmate is released to the U.S. Parole Commission's supervision.

c. Contents. The contents of the Parole Mini-files are to be limited to the following:

(1) SENTRY Sentence Computation Record
(2) FBI Fingerprint Record (RAP Sheet)
(3) Judgment in a Criminal Case or Judgment and Commitment Order
(4) Pre-Sentence Report (if disclosable)
(5) Prosecuting Agency Report
(6) Classification Material
(7) Medical, Psychological and Psychiatric Reports (if separate from classification material and disclosable)
(8) U.S. Attorney/Judges Report (USA-792, AO-235)
(9) Progress Report (most current)
(10) Escape Reports
(11) Front Side of all Incident Reports with Discipline Hearing Officer Packet Given to Inmate
(12) Background Statement of Inmate (Parole form I-32)
(13) Application for Parole (Parole form I-24)
(14) Pre-Release Matters:

(a) Correspondence regarding release planning and aftercare arrangements.
(b) Correspondence regarding detainers.
(c) Release Certificates where applicable.

(d) Recommendations relative to CCC or halfway house transfer including adjustment reports.
(e) Committed fine documents.
(f) Other pre-release matters.

(15) Correspondence Relative to Parole Consideration
(16) Policy established within the U.S. Parole Commission governing material emanating from the Commission and needed in the files. All material received from the Commission shall be filed.

Note: FOIA Exempt Material shall not be placed in Parole Mini-files.

e. Organization. Material shall be organized within folders, by position, as follows with the latest date on top:

(1) No. 1 Sentence Data

(a) SENTRY Sentence Computation Record
(b) Prosecuting Agency Report
(c) Report of U.S. District Judge, AO-235 form
(d) Report of U.S. Attorney, 792 form
(e) FBI Fingerprint report (RAP Sheet)
(f) Judgment and Commitment Order

(2) No. 2 Classification Material

(a) Progress Report (most current)
(b) Escape Reports
(c) Front Side of an Incident Report
(d) Medical, psychological, and psychiatric reports, if disclosable
(e) Classification Materials
(f) Presentence Report of USPO (Probation form 2a), if disclosable

(3) No. 3 General Correspondence

(4) No. 4 Parole Material

Notice of Hearing - Parole Application (current and previous ones), Representative, and Disclosable Request (Parole form I-24)

e. Maintenance, Security and Access, Responsibilities and Procedures. The same rules as for the Inmate Central File shall apply. Institution staff shall file any of the material described above that is received or generated prior to shipment of the files to the appropriate U.S. Parole Commission office. Routine filing material received or generated after that time