United States District Court
For the District of Columbia

Mark A. Henderson
  plaintiff

  v.

Fed. Bur of Prisons
  Defendant

DKT No. 1:05-CV-1891 CKK

Plaintiff Traverse To Defendant's Return

Comes now plaintiff Mark A. Henderson, in propria persona, and for traverse to defendant's return in the Civil Cause at bar, avers as enumerated hereafter.

1) Pro se plaintiff Henderson unequivocally denies defendant's Counsel's erroneous assertion that his title

5 U.S.C 552 privacy Act claim should be summarily dismissed, as well as his consolidated claim under the Federal Tort Claims Act (F.T.C.A). In regards to plaintiff Henderson tort claim, instead of dismissing the claim, it would be "proper & just", if the Court would Order an "Severance" & "Change of Venue", for the claim itself isn't frivolous. As the defendant is only stating "that this particular Court is the wrong venue for this motion."

2) In his Title 5 U.S.C 552a privacy Act Civil Complaint Against defendant (B.O.P), plaintiff Henderson explicitly cited the required "four elements" to recover money damages under Subsection (g)(1)(c); to wit

inaccurate records, Agency intent, proximate causation, and adverse determination. 5 U.S.C.A 552A (g)(1)(c) And, As Analysis of the inaccurate records element of a Privacy Act Claim depends on whether the "truth" underlying the challenged statement is clearly provable or relatively easily ascertainable. The U.S Court of Appeals for the district of Columbia decreed that in typical cases as plaintiff Henderson's, where truth can readily be ascertained it is feasible, necessary, and proper for the Agency and in turn, the "district Court" to determine whether each filed item of information is Accurate.

[SEE: Toolasprashad v. B.o.p, 286 F.3d 576 (D.C Cir 2002)]

[Sellers v. B.o.p, 959 F.2d 307 (D.C Cir 1992)]

3) Plaintiff further states that as he irrefutably proved that defendant (B.o.p) U.S.P Atlanta, agents willfully and intentionally failed to maintain accurate records by falsifying statements in a fabricated (B.o.p) alleged "pilot program" policy to render an adverse determination arbitrarily subjecting plaintiff to long term control unit status without benefit of fundamental "Due process" plaintiff privacy act complaint should not be dismissed unless it appears beyond an doubt that plaintiff can prove "no set of facts" in support of his claim, which would entitle him to relief. Tooloprashad, Id at 577

Wherefore, as defendant and its agents subjectively deprived plaintiff Henderson of his Constitutional rights embodied in the Fifth and Eighth Amendments, pursuant to the provisions of 5 U.S.C.A 552 (g)(1)(c) and (g)(4) plaintiff is entitled to monetary redress. With regards to defendant stating that plaintiff privacy Act claim should be dismissed due to plaintiff failing to exhaust his administrative remedies plaintiff Henderson did in fact exhaust his administrative remedies, however due to the fact that staff at U.S.P Atlanta are widely known to "misplace" prisoner's legal mail, plaintiff did,

resubmitt his Appeal to the general Counsel. There's no reason in god green Earth to Suggest I wouldn't have resubmitted it. in Abney v. McGinnis and Hemphill v New York the 2nd Circuit made clear that prison officals Own Conduct may Excuse A prisoner failure to Exhaust Administrative remedies for purposes of the PLRA.

Respectfully Submitted

Mark R. Henderson

Feb. 18, 2006

# Certificate of Service

I hereby certify that this 17th day of Feb, 2006, I caused the foregoing to be sent via First Class U.S. Mail, postage prepaid to:

Stratton C. Strand
Assistant U.S Attorney
555 Fourth St. N.W.
Washington D.C  20530


Mark Henderson
#15509-016
U.S.P Coleman No. 1
P.O 1033
Coleman Fl. 33521