UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. HENDERSON,

    Plaintiff,

        v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

Civil Action No. 05-1891 (CKK)

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, is an inmate at the United States Penitentiary in Coleman, Florida ("USP-Coleman").[1] He has brought claims under the Fifth and Eighth Amendments of the Constitution, the Privacy Act, 5 U.S.C. § 552a, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* Defendant has moved for partial dismissal or, alternatively, for partial summary judgment on the Privacy Act and constitutional claims. Pursuant to 12(c) of the Federal Rules of Civil Procedure, Defendant also moves for a judgment on the pleadings as to Plaintiff's FTCA claim. Because Plaintiff has failed to exhaust his administrative remedies and venue is improper in this Court, the motions will be granted.

*Background*

On June 11, 2004, at USP-Atlanta, Plaintiff was placed in the Special Housing Unit ("SHU") pending an investigation of an allegation that Plaintiff had fought with another

---

[1] On the date Plaintiff filed this action, he was an inmate at the United States Penitentiary in Atlanta, Georgia ("USP-Atlanta"). Complaint ("Compl."), p. 2.

inmate.  Compl., p. 3; Defendant's Motion for Partial Dismissal or, Alternatively, for Partial Summary Judgment, Exhibit A, Declaration of J. Latease Bailey ("Bailey Decl."), ¶ 4.  At the prison disciplinary hearing on August 10, 2004, the hearing officer found Plaintiff guilty of fighting with another inmate and imposed a sanction of 30 days in disciplinary segregation.  *Id.*, ¶ 5; Compl., p. 3.  The hearing officer also recommended that Plaintiff receive a disciplinary transfer to another institution.  *Id.*

On August 10, 2004, Plaintiff began serving the 30 days of disciplinary segregation.  Bailey Decl., ¶ 8.  During his time in disciplinary segregation, Plaintiff received three additional incident reports, charging that he had assaulted another inmate, engaged in high-level disruptive conduct, and that he had made a sexual proposal or threat to another inmate.  *Id.*, ¶¶ 9-10; Compl., p. 3.  Following the hearings on these three incidents, Plaintiff was committed to disciplinary segregation for an additional period of 90 days.  *Id.*; Bailey Decl., ¶¶ 9-10.  On December 12, 2004, Plaintiff completed service of his disciplinary segregation.  *Id.*, ¶ 11.

Plaintiff's disciplinary transfer to another institution was delayed by the BOP's High Security Transfer Pilot program, which provides that an inmate cannot be considered for a transfer unless he has not received an incident report for a minimum of 12 months.  Bailey Decl., ¶ 12; Compl., pp. 3-4.  Due to Plaintiff's disciplinary history, the BOP required that Plaintiff remain in administrative segregation pending his transfer.  Compl., p. 23.

Plaintiff filed this action on September 23, 2005.  He remained in the SHU at USP-Atlanta until November 3, 2005.  Bailey Decl., ¶ 12.  Plaintiff was transferred to the Federal Correctional Complex in Coleman, Florida on November 4, 2005.  *Id.*, ¶ 15.

*Discussion*

Privacy Act and Constitutional Claims

      Plaintiff's claims are based on the length of time he remained in administrative segregation while awaiting his disciplinary transfer.  He contends that the BOP is maintaining inaccurate records and, as a consequence, he was wrongly subjected to an extended period of disciplinary segregation and delayed a transfer to another correctional institution.  Plaintiff also alleges that the BOP violated his rights under the Fifth Amendment by denying him due process before subjecting him to "post disciplinary" segregation, and the Eighth Amendment due to the cruel and unusual conditions in the SHU.

      Defendant moves for dismissal or summary judgment on these claims.  In reviewing the sufficiency of a complaint under Rule 12 of the Federal Rules of Civil Procedure, a court must consider the facts presented in the pleadings as true and construe them and all reasonable inferences in the light most favorable to the plaintiff.  *Moore v. United States*, 213 F.3d 705, 713 n.7 (D.C. Cir.), *cert. denied*, 531 U.S. 978 (2000).  The court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if it appears that the plaintiff can prove no set of facts in support of his claim that would warrant relief.  Fed. R. Civ. P. 12(b)(6); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Thomas v. District of Columbia*, 887 F.Supp. 1, 5 n. 2 (D.D.C. 1995).

      Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are those that "might affect the outcome of the suit under the

governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. United States Depot of Health and Human Serve.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson*, 477 U.S. at 247-48. To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier-of-fact to find in favor of the nonmoving party. *See id.; Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

Defendant contends the case should be dismissed because Plaintiff has failed to exhaust

his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). In relevant part, the PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement of Section 1997e(a) is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Section 1997e(a) "afford[s] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case," and, where possible, to "satisfy the inmate, thereby obviating the need for litigation." *Id.* at 524-25. A prisoner must complete the administrative process "regardless of the relief offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 (2001). Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted administrative remedies. *Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001).[2] The PLRA's exhaustion requirement is not a jurisdictional bar, but simply governs the timing of the action. *Ali v. District of Columbia*, 278 F.3d 1, 5-6 (D.C. Cir. 2000).

The BOP has a three-level administrative remedy process. Bailey Decl., ¶ 19. An inmate must first file a request for administrative relief with the Warden of the institution where he is confined. *Id.* Plaintiff may appeal the denial of relief from the Warden to the BOP's Regional

---

[2] There is a split in the federal courts of appeals over whether exhaustion is an affirmative defense which must be pled and proven by the defendant or a prerequisite to suit that must be established by the plaintiff. On March 6, 2006, the Supreme Court granted a writ of certiorari on the issue. *See Jones v. Bock*, 135 Fed. Appx. 837 (6th Cir. 2005), *cert. granted*, 126 S.Ct. 1462 (2006). Because Defendant filed a motion in lieu of an answer on the exhaustion question, and Plaintiff concedes that he failed to exhaust, *see infra*, the issue need not be decided here.

Director.  *Id.*  The final step in the process is to file an appeal with the Office of General Counsel.  *Id.*  The BOP's records indicate that Plaintiff did not complete these three steps.  *Id.*, ¶ 21.

Plaintiff concedes that he did not exhaust his administrative remedies by appealing to the Office of General Counsel.  *See* Plaintiff's Traverse to Defendant's Return, pp. 5-6.  He states that he did not do so because the staff at USP-Atlanta are "widely known" to "misplace" a prisoner's legal mail.  *Id.*, p. 5.  A plaintiff's belief that pursuing his administrative remedies would be futile does not excuse him from the PLRA's exhaustion requirement.  A prisoner is required to exhaust "regardless of the relief offered through administrative avenues."  *Booth*, 532 U.S. at 741.  A claim that pursuing a remedy will be futile is not a valid reason for not completing the administrative process.  *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000); *Bitton v. Gonzales*, 2006 WL 335766 at *1 (D.D.C. Feb. 13, 2006); *Jeanes v. United States Dep't of Justice*, 231 F.Supp. 2d 48, 50 (D.D.C. 2002); *see also Booth*, 532 U.S. at 741 n. 6 (Court will not "read futility or other exceptions into [PLRA's] exhaustion requirements where Congress has provided otherwise").

Plaintiff has failed to exhaust as required by the PLRA.  Therefore, his Privacy Act and constitutional claims will be dismissed.

FTCA Claim

Plaintiff's tort claim is based on his allegation that staff at USP-Atlanta assaulted him while they were placing a third man in his two-person cell.  *See* Compl., pp. 12-13.  Defendant has moved for a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the ground that venue is improper in this court.  The Court may grant such a motion

"if the moving party demonstrates that no material fact is in dispute and that it is entitled to judgment as a matter of law." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992)(citation omitted); *see also Bradley v. Smith*, 2006 WL 1165943, at *1 (D.D.C. May 3, 2006). Because Defendant's motion does not address the merits of Plaintiff's claim, it is more properly treated as one for dismissal under Rule 12(b)(3).[3]

In ruling on a motion to dismiss for improper venue, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *2215 Fifth St. Assocs. v. U Haul Int' l, Inc.*, 148 F.Supp. 2d 50, 54 (D.D.C. 2001); *Darby v. U.S. Dept. of Energy*, 231 F.Supp.2d 274, 277 (D.D.C.2002). The court, however, need not accept the plaintiff's legal conclusions as true. *2215 Fifth St. Assocs.,* 148 F. Supp.2d at 54. To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. *Id.*

A claim under the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). For purposes of the venue statute, a prisoner's residence is his place of confinement. *In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978); *Bryant v. Carlson*, 652 F.Supp. 1286, 1287 (D.D.C. 1987). Plaintiff resides in Florida. All of the acts or omissions alleged by Plaintiff took place in Georgia. This Court has no connection to the tort claim. Accordingly, venue is improper in this Court.

When a plaintiff files an action in the wrong district, courts are to "dismiss, or if it be in

---

[3] Courts have the authority to construe a motion under the more appropriate provision of Rule 12. *See, e.g. L&L Constr. Associates, Inc. v. Slattery Skanska, Inc.*, 2006 WL 1102814, at *2 (D.D.C. March 31, 2006); *Wyatt v. Syria Arab Republic*, 398 F.Supp. 2d 131, 141 n. 7 (D.D.C. 2005).

the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). A district court may transfer a civil action to any other district where the claim might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a); *see also Zakiya v. United States*, 267 F.Supp. 2d 47, 59 (D.D.C. 2003). As a general matter, a transfer of the case is favored over a dismissal. *El v. Beden*, 360 F.Supp. 2d 90, 93 (D.D.C. 2004). In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

As noted above, all the events described in the complaint occurred at the USP-Atlanta in the Northern District of Georgia. The cause of action arose in that jurisdiction. Any relevant witnesses and potential documentary evidence would be located there. Therefore, in the interests of justice, the case should be transferred to that district.

## *Conclusion*

Based on the foregoing, Defendant's motions will be granted. Plaintiff's Privacy Act and constitutional claims will be dismissed without prejudice subject to Plaintiff's exhaustion of his administrative remedies. Plaintiff's FTCA claim will be transferred to the Northern District of Georgia. A separate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: May 15, 2006